# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC GREEN and ARNEAL GREEN; ELIZABETH LIGGON and JEROME LIGGON; CATHY GREEN and AL GREEN; JASON ROBINSON; YVONNE GREEN and AARON GREEN; MARK GREEN; STACY GREEN and ANTHONY GREEN; THEODORA LIGGON and GREGORY LIGGON; and MICHELLE BLOXON,<br><br>Plaintiffs,<br><br>v.<br><br>THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.); TYCO FIRE PRODUCTS L.P., successor-in-interest to THE ANSUL COMPANY; ANGUS FIRE; NATIONAL FOAM; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; and COUNTY OF SUFFOLK,<br><br>Defendants. | CIVIL ACTION NO. _____<br><br>*Removed from the Supreme Court of New York for Suffolk County.*<br><br>Index No. 605497/2017 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that 3M Company, Inc. ("3M"), by and through its undersigned counsel, hereby files this removal of the state court action entitled *Isaac Green, et al. v. 3M Company, et al.*, currently pending in the Supreme Court of New York for Suffolk County, Index No. 605497/2017, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453.

**A.    State Court Proceedings**

1.    Named Plaintiffs commenced the above-captioned civil action, individually and on behalf of a putative class ("Plaintiffs"), in the Supreme Court of New York for Suffolk County by filing a complaint on March 27, 2017 (the "Complaint" or "Compl.") against 3M, Tyco Fire Products L.P., the Ansul Company, Angus Fire, National Foam, Buckeye Fire

1

Protection Company, Chemguard Inc., and the County of Suffolk (collectively, "Defendants").[1] Plaintiffs allege, *inter alia*, that Defendants produced a defective product, aqueous film-forming foams ("AFFF"), containing allegedly hazardous chemicals,[2] which contaminated Plaintiffs' properties and to which they were exposed.[3]

2.  On March 30, 2017, 3M was served with Initial Summons and the Complaint.[4]

3.  On April 18, 2017, Plaintiffs and Defendants 3M, Tyco Fire Products L.P., Chemguard Inc., National Foam, and Buckeye Fire Equipment Company stipulated to an extension of the deadline for those Defendants to answer, move, or otherwise respond to the Complaint until June 1, 2017.[5]

4.  There have been no further proceedings in this action in the Supreme Court of New York for Suffolk County.

5.  The time for removal does not begin to run until the removing defendant is formally served with process.[6] 3M was served with Initial Summons and the Complaint on March 30, 2017.[7] 3M files this notice of removal less than 30 days from the date of service of the Initial Summons and the Complaint. Accordingly, this Notice of Removal is timely filed.[8]

---

[1] A copy of the pleading filed in the Supreme Court of New York for Suffolk County is attached to this Notice of Removal as **Exhibit A**.

[2] Plaintiffs allege that AFFF contains perfluorooctanesulfonic acid ("PFOS") and related fluorochemicals that can degrade to perfluorooctanoic acid ("PFOA") or PFOS. *See* Compl. ¶ 3.

[3] *See* Compl. ¶ 19-22.

[4] A copy of the Initial Summons, served on 3M on March 30, 2017, is attached hereto as **Exhibit B**. On April 13, 2017, Plaintiffs filed an Amended Summons with the Court. *See* **Exhibit C**.

[5] A copy of the Joint Stipulation to Extend Time for Defendants to Respond to Complaint, as submitted to the Supreme Court of New York for Suffolk County, is attached hereto as **Exhibit D**.

[6] *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999).

[7] *See* n. 4, *supra*.

[8] *See* 28 U.S.C. § 1446(b)(1).

6.     3M will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York for Suffolk County.[9]

B.     <u>**Removal Of This Action Is Proper Under The Class Action Fairness Act.**</u>

7.     This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").  "CAFA vests district courts with original jurisdiction over class actions where: (1) the putative class is composed of at least 100 members; (2) any class member is diverse from any defendant; and (3) the aggregate amount in controversy exceeds five million dollars, exclusive of interest and costs."[10]

8.     The consent of all defendants to CAFA removal is not required.[11]  Nevertheless, all defendants served in this action consent to its removal.[12]

   1.     <u>**The numerosity requirement is satisfied.**</u>

9.     The Complaint specifically alleges that there are "thousands" of members of the putative class.[13]  Accordingly, the action satisfies the requirement for removal that the sum of members of the putative class or classes equal or exceed 100.[14]

---

[9] A copy of the Notice of Filing of Notice of Removal, in the form in which it will be submitted to the Supreme Court of New York for Suffolk County, is attached hereto as **Exhibit E**.

[10] *See Brook v. UnitedHealth Grp., Inc.*, No. 06 CV 12954 (GBD), 2007 WL 282708, at *2 (S.D.N.Y. Sep. 27, 2007) (citing 28 U.S.C. § 1332(d)(2)(A)); *See also Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (citing 28 U.S.C. § 1332(d)(2)-(6)) ("In general, CAFA amended the diversity statute to confer federal jurisdiction over certain class actions where: (1) the proposed class contains at least 100 members (the "numerosity" requirement); (2) minimal diversity exists between the parties . . . ; and (3) the aggregate amount in controversy exceeds $5,000,000.").

[11] *See* 28 U.S.C. § 1453(b) ("such action may be removed by any defendant without the consent of all defendants"); *See also*, *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing *Abrego v. Dow Chem. Co*, 443 F.3d 676, 681 (9th Cir. 2006)) (28 U.S.C. § 1453(b) "overrides the former case law requirement that each defendant consent to removal").

[12] *See* Consent to Removal by Defendants County of Suffolk, National Foam, Inc. (incorrectly also identified as Angus Fire), Tyco Fire Products LP, Chemguard, Inc., and Buckeye Fire Equipment Company, attached hereto as **Exhibit F**.

[13] *See* Compl. ¶¶ 175-76.

3

10. Named Plaintiffs invoke Article 9 of the New York Civil Practice Law and Rules, Section 901, and seek to represent other persons on a class action basis as alleged in the Complaint.

11. Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."[15]

### 2. The minimal diversity requirement is satisfied.

12. This Court possesses "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."[16]

13. Accordingly, this action "may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought." [17]

14. Named Plaintiffs are citizens of New York,[18] while Plaintiffs allege that Defendant 3M Company is a Delaware corporation "based" in Maplewood Minnesota.[19]

---

[14] *See Brook v. UnitedHealth Grp., Inc.*, No. 06 CV 12954 (GBD), 2007 WL 282708, at *2 (S.D.N.Y. Sep. 27, 2007); 28 U.S.C. § 1332(d)(5)(B).

[15] *See* 28 U.S.C. § 1332(d)(1)(B).

[16] *See* 28 U.S.C. § 1332(d)(2).

[17] *See* 28 U.S.C. § 1453(b).

[18] *See* Compl. ¶¶ 31-102.

[19] *See* Compl. ¶¶ 106-08.

Accordingly, "at least one member of a class of plaintiffs is a citizen of a State different from any defendant," in satisfaction of 28 U.S.C. § 1332(d)(2).[20]

### 3. The amount in controversy requirement is satisfied.

15. The amount in controversy in this action exceeds five million dollars ($5,000,000). The amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class.[21] A removing defendant must show that it is "reasonably probable" that the aggregate of plaintiffs' claims exceeds five million dollars ($5,000,000).[22] "To determine the amount in controversy, courts first turn to the allegations of the complaint."[23]

16. Plaintiffs seek to recover, *inter alia*, (1) past and future costs of medical care, toxicological exams, diagnoses, and other medical monitoring from experts of class members' choice,[24] and (2) monetary damages to compensate for diminution in property value, loss of use and enjoyment of property, and loss of qualify of life, plus remediation expenses.[25] In addition, Plaintiffs seek to collect punitive damages.[26]

17. From the scope of Plaintiffs' claims, the number of Defendants sued, and the breadth of the damages asserted by Plaintiffs, it is apparent on the face of the Complaint that at

---

[20] In addition, each other Defendant save for one (the County of Suffolk), is alleged to be incorporated in a state other than the State of New York, and to have its primary place of operation in a state other than the State of New York. *See* Compl. ¶¶ 110-22.

[21] *See* § 1332(d)(6).

[22] *See Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-CV-1238 JS WDW, 2014 WL 2945741, at *6 (E.D.N.Y. June 30, 2014) ("To satisfy the jurisdictional amount requirement under CAFA, the removing defendant 'must show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million.'" (*quoting Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006))).

[23] *See Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-CV-1238 JS WDW, 2014 WL 2945741, at *5 (E.D.N.Y. June 30, 2014).

[24] *See* Compl. ¶¶ 296-320.

[25] *See* Compl. ¶ 331.

[26] *See* Compl. ¶ 335; Compl. at 52.

the time of this removal, Plaintiffs' claims against Defendants exceed five million dollars ($5,000,000). Alternatively, even if it were not facially apparent from the Complaint that the amount in controversy exceeds five million dollars ($5,000,000), reasonable inferences and deductions indicate that the past and future costs of medical care – care which Plaintiffs claim is required for thousands of class members – is likely to exceed five million dollars ($5,000,000) alone. When considered in conjunction with other relief sought, such as remediation, compensation for diminution of property value, and particularly, punitive damages, it is undeniable that the amount in controversy exceeds five million dollars ($5,000,000). [27]

18.  Although 3M denies that Plaintiffs are entitled to recover any amount, and specifically denies that Plaintiffs are entitled to the relief in the various forms sought, the allegations present more than a "reasonable probability" that Plaintiffs' claims amount to more than five million dollars ($5,000,000), exclusive of interest and costs. Indeed, in Notices of Claim filed with Defendant County of Suffolk, certain Named Plaintiffs represent that they have suffered damages of more than ten times that amount.[28] Accordingly, the amount in controversy requirement is satisfied.

C.  **3M Has Satisfied The Procedural Requirements For Removal Under 28 U.S.C. § 1446.**

19.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

---

[27] *See, e.g.*, *Abdale v. N. Shore-Long Island Jewish Health Sys.*, No. 13-CV-1238(JS)(WDW), 2014WL 2945741, at *6 (E.D.N.Y. June 30, 2014) ("[I]t is hard to see how the amount-in-controversy does not exceed $5 million in actual damages and equitable relief" where claimed damages for putative class of "thousands" includes losses, cost and expense of credit monitoring, and establishment and oversight of credit monitoring program.).

[28] Notices of Claim filed with Defendant County of Suffolk by certain Named Plaintiffs reveal claims for damages in the sum of fifty million dollars ($50,000,000). *See e.g.* Notice of Claim ¶ 4, *In the Matter of the Claim of Arneal Green and Isaac Green, against County of Suffolk* (Oct. 20, 2016), attached hereto as **Exhibit G**.

20.     The United States District Court for the Eastern District of New York embraces the county in which the state court action is now pending.  Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1446(a).

21.     As discussed *supra* in Section B, CAFA vests in this Court original jurisdiction over this action based on diversity.

22.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal and a copy of the Notice of Removal with the clerk of the Supreme Court of New York for Suffolk County and will serve a copy of this Notice of Removal and its attachments on all parties to the removed action.

WHEREFORE, Defendant 3M respectfully requests that the above-captioned action be removed from the Supreme Court of New York for Suffolk County, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453, and that this Court assume full jurisdiction over this action, to the exclusion of any further proceedings in the state court.

Dated this 28th day of April, 2017.

Respectfully submitted,

/s/ *Stephanie L. Gase*
Stephanie L. Gase
BREWER, ATTORNEYS & COUNSELORS
750 Lexington Avenue, 14th Fl.
New York, NY 10022
Telephone: 212-489-1400
Email: szg@brewerattorneys.com

*Attorney for 3M Company.*

## CERTIFICATE OF SERVICE

This is to certify that on this 28th day of April, 2017, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL,** with its Exhibits, to be served on counsel of record by FedEx:

Katherine Armstrong, Esq.
Douglas E. Fleming III, Esq.
David Weinraub, Esq.
Sheila L. Birnbaum, Esq.
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone; 212-849-7000
sheilabirnbaum@quinnemanuel.com
davidweinraub@quinnemanuel.com
douglasfleming@quinnemanuel.com
katherinearmstrong@quinnemanuel.com

***Attorneys for Defendants Tyco Fire Products LP and Chemguard Inc.***

Keith E. Smith, Esq.
Albert G. Bixler, Esq.
ECKERT, SEAMANS, CHERIN & MELLOTT, LLC
Two Liberty Place - 22nd Floor
50 S. 16th Street
Philadelphia, PA 19102
Telephone: (215) 851-8403
ksmith@eckertseamans.com
abixler@eckertseamans.com

***Attorneys for Defendant National Foam (for itself and as incorrectly identified as Angus Fire).***

Philip M. Colicchio, Esq.
TAYLOR & COLICCHIO
502 Carnegie Center
Suite 103
Princeton, NJ 08540
Telephone: 609-987-0022
pcolicchio@tcslawyers.com

***Attorney for Defendant Buckeye Fire Protection Company.***

Scott Middleton, Esq.
Frederick Eisenbud, Esq.
4175 Veterans Memorial Highway
Suite 400
Ronkonkoma, New York 11779
Telephone: (631) 738-9100
SMiddleton@cmmllp.com
FEisenbud@cmmllp.com

Hunter J. Shkolnik, Esq.
Paul J. Napoli, Esq.
Patrick J. Lanciotti, Esq.
Tate J. Kunkle, Esq.
360 Lexington Avenue, 11th
New York, New York 10017
(212) 397-1000
hunter@napolilaw.com
pnapoli@napolilaw.com
planciotti@napolilaw.com
tkunkle@napolilaw.com

***Attorneys for Plaintiffs and the putative class.***

1

2

Susan A. Flynn, Esq.
COUNTY OF SUFFOLK, Torts Litigation Bureau
H. Lee Dennison Building
100 Veterans Memorial Hwy.
P.O. Box 6100,
Hauppauge, NY 11788

*__Attorney for Defendant County of Suffolk.__*

Signed:     *Quinta Cochran*
            Quinta Cochran, Legal Assistant

2

4841-8746-9639.9
2124-39